[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The petitioner brings this petition for a writ of habeas corpus alleging that his criminal trial attorneys. Matthew and Anthony Collins, and his appellate counsel, Linda Stambovsky and Patricia Buck Wolf gave ineffective assistance in that his trial counsel (a) failed to conduct an adequate investigation into the facts and witnesses; (b) failed to confront and effectively cross-examine the state's witnesses; (c) failed to call Correctional Officer Roger Wilkins and Inmate Dominic McClean: (d) failed to request a charge on self-defense and the duty to retreat: (e) failed to request a charge on the lesser included offense of assault in the second degree; (f) failed to have voir dire and closing argument recorded depriving the petitioner from raising any issues concerning these proceedings; (g) failed to explore plea negotiations; and (h) improperly advised petitioner to testify and failed to properly prepare him for such testimony, and in that appellate counsel (a) failed to present the issue of defendant's right to confrontation and effective cross-examination of the state's witnesses and (b) failed to present the issue of the trial court's error in excluding from the trial the juvenile record of the victim, Darrell Thomas. CT Page 7045
The arrest and conviction of the petitioner arose from a confrontation between the petitioner and one Darrell Thomas at a party on November 18, 1989 about 1:00 AM at 387 Barbour Street, Hartford. He was alleged to have shot Thomas causing him serious physical injury for which he was charged with assault in the first degree, 53a-59(a)(1) and carrying a pistol or revolver without a permit, 29-35. He subsequently was charged with Failure to Appear in the first degree, 53a-172 for his wilful failure to appear for the above charges on March 5, 1991. After conviction. he was sentenced to 20 years on the assault charge and 5 years each on the other two charges, all to run consecutively for a total effective sentence of 30 years. Upon the decision of the Sentence Review Division to reduce the two 5 year sentences to 2 1/2 each, he was resentenced to a total effective sentence of 25 years.
The petitioner called three (3) witnesses, one of whom was the alleged victim who pleaded his fifth amendment right. Both the petitioners and Attorney Matthew Collins gave testimony.
The petitioner testified that there was "bad blood" between Thomas and himself arising from a confrontation they had had in prison earlier in 1989 and Thomas had stuck out his "shoot" finger at that time meaning the petitioner would be shot. After Thomas on November 19. 1989 came into the party with five (5) of his friends the petitioner saw him and when he came over and reached for his right hand pocket, the petitioner pulled out his gun, saw what looked like the handle of a gun and fired. He then left. He was arrested in December, 1989 for assault and made bond in May of 1990. He was first represented by Attorney Donald Freeman who conveyed an offer of 12 years which the petitioner refused. Freeman late withdrew and Public Defender Christopher Cosgrove was appointed. Cosgrove withdrew because the office represented Thomas. During that time an offer of 8 years was conveyed but he refused unless the charge was reduced to Assault in the second degree. The State refused. One month before trial Attorney Collins was appointed. The petitioner told him his defense was self-defense. He was given no instruction about testifying before he did.
Attorney Collins testified that he discussed the event with the petitioner and tried to determine who he knew at the party. He told the petitioner that if he were to proceed with a self-defense claim, he would have to testify and a lot will depend on whether the jury likes him or dislikes him and on his felony CT Page 7046 record. He did request a self-defense charge and a lesser-included charge of assault in the second degree, both of which the court gave.
 I
As to the allegations of paragraph 9 of the petitioner the petitioner produced no additional witnesses or evidence as to subparagraphs (a), (b) or (c) to carry his burden of proof. On the other hand Attorney Collins with the obvious agreement of the petitioner had to choose justification as a theory of defense. He effectively cross-examined the state's witnesses as the aggressors being larger in number, 6 or more to no more than 3, moving towards the petitioner in a confrontational manner and becoming the center of attention. See Petitioner's Exhibit 9. He then effectively produced through the petitioner's testimony, that Darrell Thomas was the prior aggressor in May of 1989 when fighting with the petitioner in the petitioner's cell at "Manson" and again on November 18, 19, 1989. His testimony about seeing Thomas reach for a gun was corroborated by both Marc Johnson and Thurlow Pay. See Petitioner's Exhibit 10. As to (d) and (e) a request to charge was filed with the court as to justification and the lesser included charge of assault in the second degree,See Respondent's Exhibit A, and given by the court, SeePetitioner's Exhibit 12. As to (f) the petitioner has produced nothing to demonstrate that voir dire or arguments resulted in issues which should have been preserved and were not. As to (g), the plea bargain was still available right up to trial for 8 years on assault in the first degree which the petitioner had refused. As to (h) it wasn't essential that the petitioner present the evidence of justification, but under the facts of this case, he was in the best possible position to present the evidence of his perspective from both the past and present confrontation as to the subjective-objective test of the force used. State v. Carter. 232 Conn. 537, 546.
 II
As to the allegations of paragraph 10 of the petition claiming ineffective assistance of appellate counsel no witness was called to address them specifically. However the same subject matter of subparagraph (a) was addressed above in Part I as to (a), (b) and (c). As stated above. trial counsel did an effective confrontation of the state's evidence. As to subparagraph (b) no other reference is made than that the court excluded from the trial "the juvenile record of the victim. Darrell Thomas." The CT Page 7047 court could find only one area of the trial transcript where the subject matter is alluded to. Defense Counsel who had disclosed to him for impeachment purposes a robbery in the second degree conviction and at the same time had been permitted to see an undisclosed youthful offender violation was pressing to enlarge the area under the statute for impeachment by convictions of felonies. See Petitioner's Exhibit 7. No juvenile records were specifically referred to nor were the youthful offender proceedings claimed to have impeachment significance under the statute.
 III
A successful petitioner must show that there is reasonable probability that but for counsel's unprofessional errors, the result of the proceedings would have been different. Copas v.Commissioner, 234 Conn. 139 (1995); Strickland v. Washington,466 U.S. 668, 694. The petitioner has failed to show counsel's representation fell below an objective standard of reasonableness. Aillon v. Meachum, 211 Conn. 352, 359.
For the above reasons the Court denies the petitioner.
Thomas H. Corrigan State Trial Referee